# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **MS. CHRISTOPHER COOPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:25-cv-15674** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHICAGO CUBS BASEBALL CLUB, LLC,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Ms. Christopher Cooper ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Chicago Cubs Baseball Club, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendant's sex-based and gender-based discrimination, sex-based and gender-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction have been satisfied.

5.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.    Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.    This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.    Plaintiff, Ms. Christopher Cooper, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

9.    Defendant, Chicago Cubs Baseball Club, LLC whose address is 1101 W Waveland Avenue, Chicago, Illinois 60613-3827, is a limited liability company specializing in the sports industry that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

10.   Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.   During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.   Plaintiff has worked for Defendant as a facilities employee from on or about February 25, 2025.

13.   Plaintiff has met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

14.     Plaintiff is a member of a protected classes because of her sex (female), gender identity (transgender), and sexual orientation.

15.     Since the outset of Plaintiff's employment with Defendant, she presented herself as a female with feminine features, such as eyelashes, breasts, and makeup.

16.     During Plaintiff's interview with Defendant, Plaintiff disclosed her transgender identity.

17.     Throughout Plaintiff's employment, Defendant has subjected Plaintiff to different employment terms and conditions than it has to similarly situated employees that are not within Plaintiff's protected classes and has subjected Plaintiff to a hostile work environment on the basis of sex, gender identity, and sexual orientation, in violation of Title VII.

18.     Plaintiff has been subjected to ongoing sex and gender-based harassment and discrimination, including being called derogatory names such as "sissy," "faggot," "tranny," and "it," by her coworkers, being misgendered, threatened, lied about, and targeted with hostility by her coworkers.

19.     Coworkers who associate with Plaintiff have also been threatened.

20.     In or around May 2025, coworkers Jawya (LNU) and Sierra (LNU) threatened another employee, Keyandre (LNU), because he was friendly with Plaintiff.

21.     Both Keyandre and Plaintiff submitted written statements requesting not to work with these employees.

22.     Despite Plaintiff's request, she was assigned to work with Jawya and Sierra every day.

23. During this period, Jawya and Sierra repeatedly called Plaintiff derogatory names, including "tranny" and "faggot," and told others, "You know that's a man, right? That's not a woman."

24. Around the same time, Sierra told Keyandre that his girlfriend "looks tranny too."

25. Other employees also called Plaintiff "tranny" and told her that she was not a woman and had a penis.

26. Plaintiff engaged in protected activity by reporting the harassment and discriminatory treatment to her supervisor and HR, thereby engaging in protected activity.

27. In May 2025, Plaintiff made a written complaint about the derogatory language and harassment she experienced, thereby engaging in protected activity.

28. Defendant took no action to address Plaintiff's concerns of discriminatory conduct.

29. As such, Plaintiff was left with no choice but to report to her supervisor's superior.

30. Plaintiff was subsequently subjected to hostility after reporting her concerns to her supervisor's superior.

31. Plaintiff was retaliatorily written up for utilizing language that was commonly utilized by other of Defendant's employees.

32. Plaintiff voiced her concerns about retaliation after she was issued the discriminatory write-up.

33. Other, similarly situated individuals outside of Plaintiff's protected classes were not written up for using similar language on a regular basis.

34. In or around September 2025, Plaintiff voiced complaints to HR regarding discriminatory, harassing, and retaliatory conduct, thereby engaging in protected activity.

35.     When Plaintiff reported her concerns of discrimination, a representative suggested that Plaintiff's gender identity and complaints were problematic.

36.     The HR representative told Plaintiff, "Maybe this job isn't a good fit for you," falsely suggesting that Plaintiff was the issue, despite Plaintiff being victimized by Defendant's discrimination.

37.     Subsequently, details of Plaintiff's complaints to HR were shared throughout the company to other employees without her consent.

38.     Plaintiff felt violated by the unconsented disclosure of her HR complaints, which she reasonably believed would not be disseminated throughout the company.

39.     Other, similarly situated employees outside of Plaintiff's protected classes did not have their concerns to HR shared throughout the company, and were provided reasonable privacy that Plaintiff was not afforded.

40.     Plaintiff's department manager, Lawrence, publicly discussed Plaintiff's complaint emails in front of other employees, including her supervisor, Raylynn.

41.     When Plaintiff later asked Lawrence not to discuss her emails publicly, he dismissed her concerns by saying, "I have open discussion."

42.     This further exacerbated the retaliation Plaintiff faced for raising her concerns, and caused Plaintiff heightened emotional distress.

43.     After Lawrence leaked Plaintiff's complaints throughout the company, another coworker, Craig, made threats of physical violence if he discovered who had mentioned him in HR complaints.

44.     Craig threatened that he and his family would wait outside of Defendant's premises and attack the person who made the complaint.

45.     This threat created a fear for Plaintiff's safety, leading her to file a police report.

46.     Despite this threat, Craig was not disciplined, while Plaintiff was targeted for use of language routinely used amongst Defendant's employees.

47.     On or about September 23, 2025, Lana, a friend of Raylynn, physically pushed Plaintiff at a train station as they were leaving work.

48.     Plaintiff was shocked and terrified by the sudden physical assault.

49.     Sierra overheard Lana bragging about assaulting Plaintiff.

50.     Plaintiff has continued to report harassment, but management has failed to take meaningful corrective action.

51.     Despite Plaintiff's repeated written and verbal complaints, including her first written complaint in May 2025 and another as recently as five days before the train incident, management and HR have failed to take effective corrective action to ensure a discrimination-free workplace.

52.     HR has limited Plaintiff's access to HR's services compared to other employees, requiring her to make formal appointments while others can walk in freely.

53.     The harassment, threats, and retaliation have continued.

54.     Plaintiff was unlawfully retaliated against for opposing unlawful discrimination and for exercising her protected rights by reporting the ongoing harassment, discrimination, and retaliation she experienced.

55.     Plaintiff was targeted due to her sex, gender identity, sexual orientation, and for reporting illegal activity, including discrimination, harassment, and retaliation.

56.     Plaintiff suffered multiple adverse employment actions, including, but not limited to, being subjected to verbal harassment, physical threats, discriminatory treatment, restricted

access to HR, and retaliation for making complaints, culminating in a failure to address the ongoing harassment and retaliation.

57.     There is a basis for employer liability for the sex-based discrimination, harassment, and retaliation to which Plaintiff was subjected.

58.     Defendant was aware of the harassment but failed to take effective action to stop it.

59.     There is a basis for employer liability for the sex-based discrimination and harassment to which Plaintiff was subjected.

60.     Plaintiff can show that she engaged in statutorily protected activity, a necessary component of her retaliation claim, because Plaintiff reported the sex-based harassment, discrimination, and retaliation she experienced, including verbal abuse, threats, and physical assault.

## COUNT I
## Violation of Title VII of the Civil Rights Act of 1964
## (Sex-Based and Gender-Based Discrimination)

61.     Plaintiff repeats and re-alleges repeats and re-alleges all preceding paragraphs as though fully stated herein.

62.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, gender identity, and sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

63.     Plaintiff met or exceeded performance expectations.

64.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected classes.

65.     Plaintiff is a member of protected classes under Title VII, due to Plaintiff's sex, sexual orientation, and gender identity.

66.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

67.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Sex-Based and Gender-Based Harassment)**

68.     Plaintiff repeats and re-alleges repeats and re-alleges all preceding paragraphs as though fully stated herein.

69.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based and gender-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

70.     Defendant knew or should have known of the harassment.

71.     The sex-based and gender-based harassment was severe or pervasive.

72.     The sex-based and gender-based harassment was offensive subjectively and objectively.

73.     The sex-based and gender-based harassment was unwelcomed.

74.     Plaintiff is a member of protected classes under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e*, et seq*., due to Plaintiff's sex, gender identity, and sexual orientation.

75.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

76.     As a direct and proximate result of the sex-based and gender-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

<u>**COUNT III**</u>
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

77.     Plaintiff repeats and re-alleges repeats and re-alleges all preceding paragraphs as though fully stated herein.

78.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

79.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based and gender-based discrimination and harassment.

80.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

81.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based and gender-based discrimination and harassment.

82.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

83.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

84.     By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based and gender-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

85.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

86.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.      Back pay;

b.      Payment of interest on all back pay recoverable;

c.      Front pay;

d.      Loss of benefits;

e.      Compensatory and punitive damages;

f.      Reasonable attorneys' fees and costs;

g.      Award pre-judgment interest if applicable; and

h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 27th day of December 2025.

*/s/Yasmeen Elagha, Esq.*
Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq.
Atlas Law Center, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone (630) 575 - 8181
Fax (630) 575 - 8188
yelagha@atlaslawcenter.com

mbadwan@atlaslawcenter.com
*Attorneys for Plaintiff*